\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**Patricia DAIC, Plaintiff–Appellant,**

**v.**

**HAWAII PACIFIC HEALTH GROUP PLAN FOR EMPLOYEES OF HAWAII PACIFIC HEALTH, Defendant–Appellee.**

No. 06–17324.

United States Court of Appeals, Ninth Circuit.

Submitted on June 18, 2008.\*

Submission Vacated on June 19, 2008.

Re–Submitted on June 20, 2008.

Filed Aug. 13, 2008.

R.App. P. 34(a)(2).

Carl M. Varady, Esq., Honolulu, HI, for Plaintiff–Appellant.

Tamara M. Gerrard, Esq., Torkildson, Katz, Fonseca, Jeffe, Moore and Hetherington, Honolulu, HI, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM **

■ The district court did not err in evaluating Daic's claim under the abuse of discretion standard. A court reviews an ERISA challenge to a denial of benefits under an abuse of discretion standard if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Daic's plan provides:

> MetLife in its discretion has authority to interpret the terms, conditions, and provisions of the entire contract. This includes the Group Policy, Certificate, and any Amendments.

This language in Daic's plan unambiguously delegates discretionary authority to MetLife to construe the terms of the plan, and therefore the district court applied the correct standard. *See id.; see also McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1107–08 (9th Cir.2000).

Daic argues that MetLife is not a named fiduciary in the plan and therefore its decisions should not be reviewed for abuse of discretion. However, the language from the plan quoted above sufficiently identifies MetLife as a fiduciary for purposes of ERISA. *See* 29 U.S.C. § 1002(21)(A) (defining a "fiduciary" as an entity with "any discretionary authority" in the "administration of" an ERISA plan); *see also Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 867–68 (9th Cir.2008). *Madden v. ITT Long Term Disability Plan for Salaried Employees*,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

914 F.2d 1279 (9th Cir.1990), is not apposite, because it addresses the situation where the plan expressly confers discretionary authority on one entity and that entity delegates its discretionary authority to another entity. *Id.* at 1283–84. Here, by contrast, the plan expressly confers authority on MetLife to construe the terms of the plan in the first instance.

Nor did the district court err in concluding that MetLife did not abuse its discretion in denying Daic's claim. The Supreme Court has indicated that an ERISA fiduciary's structural conflict of interest is but one factor in considering whether the fiduciary abused its discretion. *See Metro. Life Ins. Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 2351, 171 L.Ed.2d 299 (2008). The conflict of interest may be an important factor if "circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* The importance of a conflict of interest may be low if there is no "evidence of malice, of self-dealing, or of a parsimonious claims-granting history." *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 968 (9th Cir.2006) (en banc).

Although the district court did not have the benefit of the Supreme Court's decision in *Glenn,* it made a careful analysis of the relevant factors, including MetLife's structural conflict of interest. Because the record does not contain evidence of malice, self-dealing, or other circumstances suggesting a higher likelihood that the structural conflict affected the benefits decision, the district court did not err in holding that the importance of MetLife's conflict was low. *See Glenn,* 128 S.Ct. at 2351; *Abatie,* 458 F.3d at 968.

█ Factoring in the appropriate weight accorded to MetLife's inherent conflict of interest, we conclude that the district court did not err in rejecting Daic's remaining arguments that MetLife abused its discretion when it denied her claim for long-term disability benefits. MetLife did not abuse its discretion by relying on the opinions of its own doctors, who had never personally examined Daic. ERISA does not "impose a heightened burden of explanation on administrators when they reject a treating physician's opinion," nor does it require that plan decisionmakers "accord special deference to the opinions of treating physicians." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 831, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). Moreover, contrary to Daic's assertions, MetLife did not rely on the opinions of its own physicians in the face of the consistent countervailing opinions of Daic's physicians that she was disabled. Rather, one of Daic's physicians indicated that she was in good health and another advised Daic that she was able to return to work part-time. Nor does the Social Security Administration's determination that Daic was disabled undermine MetLife's decision. The social security disability analysis is different than the ERISA analysis, not least because the social security disability standard involves special deference to the opinions of the claimant's treating physician. As noted above, this deferential standard is not applicable in the ERISA context. *See id.*

Finally, MetLife did not abuse its discretion by failing to consider the co-morbidity of Daic's physiological and psychological conditions. Even assuming this co-morbid analytical framework is appropriate in an ERISA review, the record includes evidence that Daic was not rendered disabled by any psychological, physiological, or co-morbid psychological-physiological condition.

**AFFIRMED.**